UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CAREY GARRISON, Plaintiff | CIVIL ACTION NO. 1:17-CV-00768 P |
| VERSUS | JUDGE DRELL |
| JAMES DEVILLE, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Motion for Sanctions (Doc. 24) filed by Defendants Warden James Deville, Major Chelette, Captain Bobby Toler, and Captain Curry (collectively "Defendants"). The motion was unopposed. Because there is no record of unreasonable conduct by Garrison, and because the Court finds it is more appropriate that Garrison be compelled to answer Defendants' questions at a second deposition under penalty of sanctions, Defendants' Motion for Sanctions is denied.

I.   Background

On June 13, 2017, pro se Plaintiff Carey Garrison (#629567) ("Garrison") filed this civil rights action (42 U.S.C. § 1983) *in forma pauperis*. (Doc. 1). Garrison is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. (Doc. 1-2). Garrison asserts he was subjected to excessive force.

Garrison named as Defendants Warden James Deville, Major Chellete, Captain Bobby Toler, and Captain Curry. (Doc. 1). Garrison amended his Complaint

1

on October 25, 2017. (Doc. 12). On December 3, 2017, Defendants answered, asserting various affirmative defenses. (Doc. 14).

The Court granted Defendants' Motion for Leave to Take Deposition under Fed. R. Civ. P. 30(a)(2)(B).[1] (Doc. 23). Garrison's deposition was set for February 13, 2018 at 10:00 a.m., at WCC. (Doc. 23). On February 13, 2018, Defendants' counsel and a court reporter separately traveled towards WCC to take Garrison's deposition. (Doc. 24-1). While in route, Defendants' counsel learned Garrison was mistakenly transported from WCC to Alexandria for his deposition. (Doc. 24-1). Defendants' counsel arranged to take Garrison's deposition on February 13, 2018, within the secured area at the Rapides Parish Detention Center I. (Doc. 24).

Defendants assert Garrison refused to provide testimony concerning the facts and circumstances of the incident at issue, and stated he would not answer questions without an attorney. (Docs, 24, 24-2). Defendants now seek sanctions under Fed. R. Civ. P. 37 in the amount of $622.48 (one-half their costs and attorney's fees expended) from Garrison for his refusal to cooperate in discovery.[2] (Doc. 24). Defendants submit they are only seeking sanctions for $622.48 because they received some benefit from

---

[1] Leave of court is required to take a prisoner's deposition. Fed. R. Civ. P. 30(a)(2). The record shows that on January 3, 2018, the Court granted Defendants' Motion for Leave to Take Deposition (Doc. 19), but that Garrison's January 17, 2018 deposition was cancelled due to inclement weather. (Doc. 20). The record shows Defendants thereafter sought to extend the February 1, 2018 discovery deadline. (Doc. 20).

[2] Defendants submit that due to Garrison's refusal to testify, expenses, attorney's fees, and costs in the amount of $1,244.95 were unnecessarily incurred. (Doc. 24-1). Defendants' counsel attests that he has been previously been awarded attorney's fees at the rate of $175.00 per hour in Jimmie DeRamus, et al. v. City of Alexandria, et al., Case No. 1:14-cv-03222 (W.D. La.). (Doc. 24-3). For this matter, Defendants' counsel attests he billed $735.00 for 4.9 hours at $150.00 per hour, for travel to WCC, return to Alexandria, and the brief deposition. (Doc. 24-3). Defendants' counsel further attests the court reporter's bill was $465.80, and that he charged mileage for 81 miles at .545 cents per mile for a total of $44.15 for travel to WCC and the return to Alexandria. (Doc. 24-3).

2

the initial deposition testimony of Garrison. (Doc. 24-1). Defendants also seek dismissal with prejudice in the event Garrison does not pay the sanctions, as ordered. (Doc. 24-1). Garrison did not file an opposition. The deadlines to complete discovery and to file dispositive motions were ordered suspended pending resolution of Defendants' Motion for Sanctions. (Doc. 27).

## II. Law and Analysis

If a court orders a deponent to be sworn <u>or</u> to answer a question, and the deponent fails to obey, the failure may be treated as contempt of court.[3] Fed. R. Civ. P. 37(b)(1) (emphasis added). Rule 37 provides that a court may award sanctions, including dismissal, against a party who fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A). Thus, a court has wide discretion in imposing sanctions for failure to comply with a discovery order. Rule 41(b) also gives a court authority to dismiss a case if a plaintiff "fails to prosecute or to comply with [the Federal Rules] or a court order." Fed. R. Civ. P. 41(b).

Available sanctions include: (1) directing that matters embraced in the order or other facts be taken as established for the purposes of the action as to the prevailing party's claims; (2) prohibiting the disobedient party from supporting or

---

[3] A party seeking an order of civil contempt must establish the following by clear and convincing evidence: (1) a court order was in effect; (2) the order required certain conduct by the respondent; and (3) the respondent failed to comply with the court's order. <u>Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries</u>, 177 F .3d 380, 382 (5th Cir.1999). A party commits contempt by violating a definite and specific order of the court which requires him to perform or refrain from performing a particular act or acts with knowledge of the Court's order. <u>Id.</u> "Judicial sanctions in civil contempt proceedings, may in a proper case, be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." <u>Am. Airlines v. Allied Pilot Ass'n</u>, 228 F.3d 574, 585 (5th Cir. 2000); <u>see</u> also <u>Lyn-Lea Travel Corp. v. American Airlines</u>, 283 F.3d 282, 290-91 (5th Cir. 2003).

3

opposing designated claims or defenses; (3) striking pleadings; (4) staying further proceedings until the order is obeyed; (5) dismissing the action in whole or in part; (6) rendering a default judgment; and (7) treating as contempt of court the failure to obey an order. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Further, the rule states that: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"Pro se litigants are not exempt from compliance with the rules of procedure." See Beard v. Experian Information Solutions Inc., 214 Fed.Appx. 459, 462 (5th Cir. 2007) (citing Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981)). However, the general rule is that in punishing misbehavior, a court should impose no more than the minimal sanctions necessary to correct the offending conduct. In re First City Bancocorporation of Tex. Inc., 282 F.3d 864, 867 (5th Cir. 2002).

Here, Defendants state that Garrison appeared for his deposition. (Docs. 24-1, 24-4). Defendants also admit that Garrison provided deposition testimony until his refusal to answer any questions regarding the August 25, 2016 incident. (Doc. 24-4). Rather, at that point in questioning, he testified he wanted a lawyer present and would not answer any further questions until he had a lawyer. (Doc. 24-4). Garrison testified his intent was to obtain a lawyer, but he has been unable to use the phone or do anything further to obtain one due to administrative segregation

lockdown.⁴ (Doc. 24-4). Garrison testified he would answer the questions related to the August 25, 2016 incident once he had a lawyer present. (Doc. 24-4). Garrison testified he received a copy of the Court's order to appear for the deposition, but that he has been in administrative segregation since then. (Doc. 24-4). Defendants then concluded the deposition. (Doc. 24-4).

The order in place granted leave for Defendants to take Garrison's deposition, but no specific order was in place directing Garrison to answer all Defendants' questions. (Doc. 23). The Court's order authorizing the deposition did not contain any language specifically compelling plaintiff to answer questions under penalty of dismissal of suit. (Doc. 23).

Fed. R. Civ. P. 37(a) provides the appropriate procedure for compelling disclosure or discovery when a deponent fails to answer a question asked under Rule 30 or 31. Fed. R. Civ. P. 37(a); see also Dawes v. Coughlin, 210 F.R.D. 38, 42 (W.D.N.Y. 2002) ("Where a party physically appears for the taking of his deposition, but refuses to cooperate by testifying, the proper procedure is first to obtain an order from the court, as authorized by Rule 37(a), directing him to be sworn and to testify. This serves the purpose of impressing upon the party the seriousness of his actions and avoids a default judgment resulting from some misunderstanding on his part.").⁵

---

⁴ There is no record of Garrison advising the Court he has retained counsel or that he seeks to have counsel appointed. There is also no record the Court has advised Garrison that he does or does not have a right to have counsel appointed.

⁵ Some courts have held that an inmate who appeared for his deposition but refused to answer questions was not subject to sanctions under Rule 37 because the word "appear" in the rule was to be strictly construed. See Estrada v. Rowland, 69 F.3d 405 (9th Cir. 1995) (inmate's attendance at his deposition and refusal to testify was not a "failure to appear" under Rule 37(d); proper remedy is a court order to testify under Rule 37(a)); SEC v. Research Automation Corp., 521 F.2d 585, 589 (2d Cir.

Rule 30(d)(2) provides that if a court finds that "a person impedes, delays, or frustrates the fair examination of the deponent," it may impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on that person responsible. Fed. R. Civ. P. 30(d)(2).

Defendants cite <u>Moon v. Newsome</u>, 863 F.2d 835 (11th Cir. 1989), for the proposition that costs related to the attempted deposition should be awarded against Garrison. (Doc. 24-1). In <u>Moon</u>, a pro se prisoner proceeding *in forma pauperis* brought a civil rights action. <u>Id.</u> at 835. Moon's action was dismissed for his failure to pay costs assessed as a penalty for unreasonable refusal to obey the court's discovery order. <u>Id.</u> at 837.

In <u>Moon</u>, the prisoner objected to the deposition, and urged the court to deny defendant's permission to take his deposition. <u>Id.</u> The order denying Moon's objection *warned* that if he refused to be deposed, costs could be assessed against him or his case could be dismissed. <u>Id.</u> (emphasis added). Moon appeared for his deposition, but refused to allow questioning. <u>Id.</u> After raising unfounded objections and repeatedly interrupting defendants' lawyer, Moon abruptly walked out of his deposition without answering any questions. <u>Id.</u> The court found Moon's conduct was unreasonable and that he willfully thwarted the progress of the deposition. <u>Id.</u> The magistrate judge, upon Defendants' motion for Rule 37 sanctions, ordered Moon to pay the full costs of

---

1975) ("Where a defendant does in fact appear physically for the taking of his deposition but refuses to cooperate by being sworn in and by testifying, the proper procedure is first to obtain an order from the court . . ."); <u>see</u> <u>also</u> <u>Aziz v. Wright</u>, 34 F.3d 587, 589 (8th Cir.1994) ("refusal to answer questions or participate [at a deposition] does not constitute a 'failure to appear'"), <u>cert.</u> <u>denied</u>, 513 U.S. 1090, 115 S.Ct. 752, 130 L.Ed.2d 652 (1995).

the deposition ($909.72), subject to dismissal for failure to timely pay. Id. Moon's action was dismissed after he failed to timely submit payment. Id.

Defendants also cite Tookes v. Holliday, 2009 WL 1159058 (W.D. La. 2009), in which the district court granted a similar motion and ordered a pro se inmate to pay attorney's fees, expenses, and costs of $566.74. Tookes was also a pro se prisoner proceeding *in forma pauperis* who filed a civil rights complaint. In Tookes, the court ordered that the deposition of the inmate be taken at WCC. Tookes, 2009 WL 1159058 at *1. Tookes did not cooperate in his deposition. Id.

At his deposition, Tookes refused to answer any substantive questions without an attorney present, and repeated that response to all questions. Id. Tookes later filed a motion to appoint counsel, which was denied. Id. Defendants moved to compel and for sanctions. Id. The district court granted defendants' motion to compel and for sanctions, ordering Tookes to give testimony and answer questions at a second deposition. Id. The order warned that failure to comply would result in sanctions, including dismissal. Id. After Tookes gave his deposition, but failed to pay any portion of the sanctions, defendants moved to dismiss his suit. Id. The court dismissed the suit. Id.

Defendants submit that Garrison, like the inmates in Moon and Tookes, refused to comply with the order setting his deposition, and should be subject to sanctions. (Doc. 24-1). Unlike the inmates in the cases cited by Defendants, however, Garrison appeared for his deposition and answered most of Defendants' substantive questions. (Doc. 24-1). But Garrison stated he wanted an attorney present before

7

testifying to the questions pertaining to the incident at issue in this case.[6] (Doc. 24-4). Moreover, in Tookes, the Defendants obtained zero benefit from the deposition of the inmate who appeared and was sworn, but refused to answer any substantive questions whatsoever from the outset of his deposition. In this case, although Garrison's excuse that he has been in lockdown and unable to retain counsel or file for appointment of counsel is suspect, the Court sees no evidence of unreasonable or contumacious conduct by Garrison. Also, clearly the Defendants in this case obtained some benefit from the deposition of Garrison, unlike the defendants in Tookes.

Further, Garrison was not specifically ordered to answer questions presented to him. See, e.g. Dawes, 210 F.R.D. at 42 (where a court order authorized state prisoner's deposition and warned him about sanctions, the court found it did not amount to an order compelling plaintiff to answer the questions under penalty of dismissal of suit). Defendants' proposed order, which was adopted by the Court, lacked that level of specificity. The Court sees no fault on the part of Garrison for his erroneous transport from WCC to Rapides Parish Detention Center I. Any costs borne by Defendants for extra travel were also not Garrison's fault. Further, Garrison's *in forma pauperis* status makes monetary sanctions, including any payment of expenses or attorney fees, potentially dispositive, and thus unwarranted at this time given Garrison's appearance and response to substantive questions of

---

[6] Garrison stated he would rather not say what happened on the day of the incident at issue in this case because he did not have an attorney present. (Doc. 24-4). He did not indicate he was invoking a Fifth Amendment privilege or that he was concerned with self-incrimination. However, he stated he would answer questions about the incident when he had a lawyer present. (Doc. 24-4).

8

Defendants. See Tran v. Gore, 2012 WL 5427917, at *3 (S.D. Cal. 2012) (citing Hughes v. Rowe, 449 U.S. 5, 9-10 (1980)).

Defendants assert Garrison's refusal to testify prevents them from properly preparing a defense or evaluating a dispositive motion.[7] (Doc. 24-1). Given that Garrison has already established his indigent status, it is highly likely he would be unable to pay sanctions. The record does not show any history of unreasonable conduct by Garrison. The record in Moon, the Eleventh Circuit decision upon which Tookes is based, showed Moon had been repeatedly and stubbornly defiant. Moreover, neither inmate in Moon or Tookes showed a willingness to comply with the courts' orders. The reasoning in Moon and Tookes was therefore perfectly sound, but not entirely applicable here. The Court finds that, under these distinguishable circumstances, it is more appropriate that Garrison be made aware of the possibility of sanctions, including dismissal, in the event he fails to respond to Defendants' questions at a second deposition.

III. Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion for Sanctions (Doc. 24) is DENIED.

IT IS FURTHER ORDERED that the deadline to complete discovery is hereby RESET for **September 3, 2018**, and the deadline to file dispositive motions is hereby RESET for **October 3, 2018**. If they wish to do so, Defendants may file a second motion

---

[7] The Court notes any deadlines in this case have been suspended pending a ruling on this motion, thus removing any prejudice to Defendants in their ability to evaluate a dispositive motion.

9

to depose Garrison, and may seek an order compelling Garrison to answer all questions at that deposition without the assistance of counsel. Should Garrison refuse to comply, Defendants may renew their request for sanctions, including dismissal, at that time.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __5th__ day of July, 2018.

                                                  Joseph H.L. Perez-Montes
                                                  United States Magistrate Judge